By the Court.
This was an indictment for assault with intent to murder. The prisoner offered himself as a witness in his own behalf, and, on his examination, was asked by his counsel to state with what intent he made the assault in question. On objection by the prosecuting attorney, the court held the question to be incompetent, and refused to permit it to be answered by the prisoner. But the record ■does not show what answer to this question was expected by the defense, or that the prisoner was prejudiced by excluding the evidence. The ease falls within the principle ■established in Gondolfo v. Ohio, 11 Ohio St. 114; Hollister & Smith v. Reznor, 9 Ohio St. 6; and Scovern v. Ohio, 6 Ohio St. 294. There is no error shown to the prejudice of the prisoner.
The record also shows that the prisoner’s counsel asked the court to give in charge to the jury a certain proposition *372 of law, which, was true and pertinent to the case, and that the court refused to give the proposition “ in the language and form ” in which it was requested. But the charge actually given by the court is not set forth in the record. We see no error in this refusal, for the reason that we think it is fairly inferable from the record, that the charge asked was substantially given by the court, though in different “ language and form.”

Judgment affirmed.